**ROBERTSON & ASSOCIATES, LLP**
Alexander Robertson, IV (State Bar No. 127042)
  *arobertson@arobertsonlaw.com*
Robert Nation (State Bar No. 108490)
  *muyeno@arobertsonlaw.com*
32121 Lindero Canyon Road, Suite 200
Westlake Village, California 91361
Tel: (818) 851-3850 • Fax: (818) 851-3851

*(Additional Plaintiffs' Counsel On Signature Page)*

*Attorneys for Plaintiffs and
the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER CARSON and MARK SANDERS-FERRIERA, individually and on behalf of others similarly situated, | Case No. 2:16-cv-00716 |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiffs, | 1. **Unfair Business Practices in Violation of California Business & Professions Code §17200, *et seq.*** |
| | 2. **Fraudulent Business Practices in Violation of Business & Professions Code §17200, *et seq.*** |
| vs. | 3. **Unlawful Business Practices in Violation of Business & Professions Code §17200, *et seq.*** |
| | 4. **False Advertising in Violation of Business & Professions Code §17500, *et seq.*** |
| WAYFAIR, INC., a Delaware corporation, | 5. **Violations of California Consumer Legal Remedies Act** |
| Defendant. | **<u>JURY TRIAL DEMANDED</u>** |

Plaintiffs Heather Carson and Mark Sanders-Ferriera, by and through their attorneys of record, bring this class action against Defendant Wayfair, Inc. ("Wayfair" or "Defendant"), individually and on behalf of a proposed Class of all others similarly situated, and allege as follows based upon personal knowledge  and investigation of their counsel:

## NATURE OF THE ACTION

1.      This is a class action against Wayfair for falsely advertising "original" prices, "sale" prices and corresponding price discounts for its home goods on its website (www.wayfair.com).  During the class period (defined below), Wayfair advertised false former prices and false price discounts for its consumer goods on its website.  Wayfair is a publicly-traded company on the NYSE.  Its 2014 annual report claims it had 3.2 million customers, 5.2 million orders and net revenue of $1.3 billion (www.investor.wayfair.com/investor-relations/financial-reports, last visited January 29, 2016).

2.      During the Class Period, Wayfair misrepresented the existence, nature and amount of price discounts by purporting to offer specific dollar discounts from the expressly referenced former retail prices, which were misrepresented as "original" or "regular" retail prices.  These purported discounts were false, however, because the referenced former retail prices were fabricated and did not represent Wayfair's true "original" retail prices.  Furthermore, the advertised "original" prices for Wayfair's items were not the prevailing market retail prices within three months next immediately preceding the publication of the advertised former prices, as required by California law.

3.      The Federal Trade Commission ("FTC") describes false former pricing schemes, similar to Wayfair's in all material respects, as deceptive:

"One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.  If the former price is the actual, bona fide price at which the article was offered to the

public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one.  If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects." 16 C.F.R. § 233.1(a).

4.      California's statutory and regulatory law expressly prohibits false former advertising pricing schemes.  California Business & Professions Code section 17501, entitled "*Value determinations; Former price advertisements*", states:

For the purpose of this article the worth of value of anything advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

*No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [emphasis added.]

5.      Wayfair advertises sales on its website, which list home goods and furnishings between approximately "20% OFF" up to "75% OFF", and lists a former price that is stricken through but still visible  next to a discounted "Today" or

/ / /

/ / /

/ / /

current sale price.  An example of this advertising scheme is listed below:



www.wayfair.com/Starks-Upholstered-Lounge-Chair-OGO2424-NFN1313.html (last visited February 1, 2016) (enhanced to show pricing).

6.      Wayfair does not advertise the "former" prices listed for its home goods and furnishings for a period of 90 days prior to advertising their "sale" prices next to the "former prices" in violation of Cal. Bus. & Prof. Code § 17501 and Cal. Civil Code § 1770(a)(5), (a)(7), (a)(13) and (a)(14) .  Further, Wayfair's custom and practice is to only sell one or very few item(s) at its advertised "sale" price, and then list the item as "Sold Out". Thus, the "sale" price is not a bona fide price at which a consumer good is truly offered to the public, but instead a classic "bait-and-switch" scheme in violation of Cal. Bus. & Prof. Code § 17500 and Cal. Civil Code § 1770(a)(9) and § 1770(a)(10).

7.      Wayfair's false price advertising scheme, as described above, is disseminated to California consumers via its website (www.wayfair.com), radio,

television and print media, is and was pervasive throughout California as part of Wayfair's ubiquitous advertising campaign during the Class Period.

8.     Thousands of California consumers were victims of Wayfair's deceptive, misleading and unlawful pricing scheme and thousands more will be deceived if Wayfair's deceptive practices continue.

9.     Wayfair knew and knows that its comparative price advertising was, and is, false, deceptive, misleading and unlawful under California law.

10.     Wayfair fraudulently concealed from and intentionally failed to disclose to Plaintiffs and the proposed Class the truth about its advertised price discounts and former prices.

11.     At all relevant times, Wayfair has been under a duty to Plaintiffs and the proposed Class to disclose the truth about its "regular" and "sale" prices.

12.     The facts which Wayfair misrepresented and/or failed to disclose are material facts that a reasonable person would consider material, *i.e.* facts which would contribute to a reasonable person's decision to purchase home goods and furnishings.  Wayfair's false representations of "regular", "former", "50% off" and "sale" prices and false representations of purported savings, discounts and bargains are objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

13.     Plaintiffs relied upon such false representations of "original" prices and discounts when purchasing items at Wayfair.com.  Plaintiffs would not have made such purchases but for Wayfair's false representations of "former" and "sale" prices.

14.     Plaintiffs reasonably and justifiably acted and relied to Plaintiffs' detriment on Wayfair's false "former" price representations and failure to disclose, and concealment of, the truth about Wayfair's false price-comparison advertising scheme in purchasing home goods and furnishings at Wayfair.com.

15.     Through its false and deceptive marketing, advertising and pricing scheme, Wayfair violated (and continues to violate) California law prohibiting: (1)

advertising goods for sale as discounted from former prices which are false; (2) misleading statements about the existence and amount of price reductions; (3) advertising consumer goods at a price with no intention of selling the goods at the advertised price; and (4) advertising goods with no intent to supply reasonably expected demand, and without advertising a limitation of quantity. Specifically, Wayfair violated (and continues to violate) California's Business & Professions Code §§ 17200, *et seq*. (the "UCL"), California's Business & Professions Code §§ 17500, *et seq*. (the "FAL"), California Civil Code § 1750, *et seq*. (the "CLRA"), and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and specifically prohibits false advertisements. 15 U.S.C. § 52(a).

16. Plaintiffs, individually and on behalf the proposed Class, seek restitution and other equitable remedies, including an injunction under the UCL and FAL.

## PARTIES

17. Plaintiff Heather Carson is an adult who is a citizen and resident in the County of Los Angeles, who in reliance on Defendant's false and deceptive advertising, marketing and pricing schemes, purchased $518.24 of home furnishings in or about July of 2013 and $150.41 of home furnishings from Wayfair.com on December 26, 2015, and was damaged thereby.

18. Plaintiff Mark Sanders-Ferriera is an adult who resides in the County of Riverside, who in reliance on Defendant's false and deceptive advertising, marketing and pricing schemes, purchased $499.98 of home furnishings from Wayfair.com on June 26, 2015, and was damaged thereby.

19. Defendant Wayfair is a publicly traded Delaware corporation (NYSE:W) with its principal office located in Boston, Massachusetts. According to its Form 10-K filed with the SEC for the fiscal year ending December 31, 2014, "Wayfair is one of the world's largest online destinations for the home. Through our

1    e-commerce business model, we offer visually inspired browsing, compelling

2    merchandising, easy product discovery and attractive prices for over seven million

3    products from over 7,000 suppliers across five distinct brands:  Wayfair.com, Joss &

4    Main, AllModern, Dwellstudio and Birch Lane."

5        20.    When in this Complaint reference is made to any act of Wayfair or

6    Defendant, such shall be deemed to mean that officers, directors, agents, employees,

7    or representatives of the Defendant named in this lawsuit committed or authorized

8    such acts, or failed and omitted to adequately supervise or properly control or direct

9    their employees while engaged in the management, direction, operation or control of

10   the affairs of the Defendant and did so while acting within the scope of their

11   employment or agency.

12                          **JURISDICTION AND VENUE**

13       21.    The Court has original jurisdiction over this Action under the Class

14   Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1)

15   at least some members of the proposed Class have different citizenship from

16   Defendant; and (2) the claims of the proposed Class Members exceed $5,000,000 in

17   the aggregate.

18       22.    The Central District of California has personal jurisdiction over

19   Defendant because Defendant is a corporation authorized to do business in the State

20   of California and registered with the California Secretary of State to do business

21   with sufficient minimum contacts in California, and/or otherwise intentionally avails

22   itself of the California market through Internet sales, and TV, radio and print

23   advertisements, to render the exercise of jurisdiction by the California courts

24   consistent with the traditional notions of fair play and substantial justice.

25       23.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2)

26   because a substantial part of the events or omissions giving rise to the alleged claims

27   occurred in this District given that Plaintiffs purchased the Products while in this

28   District and Defendant markets, promotes, and sells the Products in this District.

ROBERTSON
& ASSOCIATES, LLP

20356.1

7

CLASS ACTION COMPLAINT

1    Plaintiffs are filing concurrently herewith Declarations stating facts showing that

2    this action has been commenced in a proper county pursuant to California *Civil*

3    *Code* section 1780(c).

4                          **FACTUAL ALLEGATIONS**

5       24.    Plaintiff Heather Carson visited Wayfair.com in or about July of 2013,

6    for the purpose of buying two (2) chairs for the front room of her home. She saw

7    two (2) chairs that fit the style of what she was looking for. Plaintiff Carson selected

8    these two chairs and placed them in her virtual shopping cart. When Plaintiff Carson

9    attempted to purchase the chairs, Wayfair's website stated that the items were "Sold

10   Out" and then it re-directed her to much more expensive chairs.

11      25.    Plaintiff Carson did not purchase the items that she was re-directed to

12   because of the substantial difference in price. She ultimately purchased two (2)

13   Home Loft Concept Flowered Chairs (SKU 234490) from Wayfair approximately

14   one-week later that were more reasonably priced at $518.24.  A screenshot of

15   Wayfair's website advertising the Home Loft Concept Flowered Chairs on a later

16   date of September 5, 2013, is attached as Exhibit A.  Although this screenshot is

17   after the date Plaintiff Carson purchased the chairs, the information is substantially

18   similar other than the price of the chairs.  She was induced to purchase two (2)

19   Home Loft Concept Flowered Chairs, believing that she was able to purchase the

20   Home Loft Concept Flowered Chairs for significantly less than what they were

21   worth and normally sell for in the market place. Plaintiff Carson purchased the

22   Home Loft Concept Chairs in reliance on Defendant's website's advertisement that

23   the sale price was good for only three hours and that Wayfair only had 3 chairs left

24   in stock. Plaintiff Carson's purchase was made in reliance on Defendant's advertised

25   reduction of the Home Loft Concept Flowered Chairs former price,  on the short

26   duration of Defendant's sale and the representation that Wayfair only had 3 chairs

27   left in stock.

28   / / /

26.   Plaintiff Carson checked Wayfair's website a couple of days later and discovered that Wayfair in fact had many more of the Home Loft Concept Chairs in stock.

27.   Plaintiff Carson would not have purchased the Home Loft Concept Flowered Chairs if not for Defendant's advertised former price, the short duration of Defendant's sale and the representation that Wayfair only had 3 chairs left in stock.

28.   Defendant's "sale" price is not a bona fide price at which a consumer good is truly offered to the public, but instead a classic "bait-and-switch" scheme in violation of Cal. Bus. & Prof. Code § 17500 and Cal. Civil Code §1770(a)(9) and §1770(a)(10).

29.   Plaintiff Heather Carson also visited Wayfair.com on December 26, 2015, for the purpose of buying an office chair. She saw a chair described as a "Mid-Back Office Chair by Andover Mills" (hereinafter "Office Chair"). Defendant falsely advertised the Office Chair on its website as having a current price of $138.99, with a much higher price of $276.46 that was stricken through but still visible. Defendant intended to communicate that the $276.46 price was the former or original price of the Office Chair. Defendant advertised this chair as "50% off," which equals a discount of approximately $138. Additionally, Defendant advertised that its "sale" on the Office Chair would last for only two more days. Plaintiff saw all three advertisements on Wayfair's website. An exemplar screenshot of Wayfair's website advertising the Office Chair on an earlier date of September 29, 2015, for $138.99, formerly $276.46, and 50% off, is attached as Exhibit B.

30.   Plaintiff Carson was induced to purchase the Office Chair, believing that she was able to purchase the Office Chair for significantly less than it was worth and normally sells for in the market place. Plaintiff's purchase was made in reliance on Defendant's advertised reduction of the Office Chair's former price, on the 50% price reduction, and on the short duration of Defendant's sale.

20356.1

CLASS ACTION COMPLAINT

31. Plaintiff Carson would not have purchased the Office Chair if not for Defendant's advertised former price, 50% price reduction, and the short duration of Defendant's sale.

32. Defendant's former price for the Office Chair of $276.46 was not the prevailing market price of the Office Chair for the three months prior to Plaintiff Carson's purchase, either at Wayfair.com or its competitors.

33. Defendant's "sale" price of the chairs that Plaintiff Carson attempted to purchase before purchasing the Home Loft Concept Flowered Chairs is not a bona fide price at which a consumer good is truly offered to the public, but instead a classic "bait-and-switch" scheme in violation of Cal. Bus. & Prof. Code § 17500 and Cal. Civil Code §1770(a)(9) and §1770(a)(10).

34. Plaintiff Mark Sanders-Ferriera visited Wayfair.com on June 26, 2015, for the purpose of buying lounge chairs. He saw a lounge chair advertised as "Home Loft Concept Starks Lounge Chair" ("Lounge Chair"). Defendant falsely advertised the Lounge Chair on its website as having a current price of $248.99 with a much higher price of $913.42 that was stricken through but still visible. Defendant intended to communicate that the $913.42 price was the former or original price of the Lounge Chair. Defendant advertised this chair as "73% off," which equals a steep discount of approximately $664.43. Plaintiff Sanders-Ferriera viewed these advertisements on Wayfair's website. An exemplar screenshot of Wayfair's website advertising the Lounge Chair on an earlier date of June 22, 2015, as on sale for $260.99, formerly $913.42, and 71% off is attached as Exhibit C.

35. Plaintiff Sanders-Ferriera was induced to purchase two (2) Lounge Chairs (SKU NFN1313), believing that he was able to purchase the them for significantly less than they were worth and normally sell for in the market place. Plaintiff Sanders-Ferriera's purchase was made in reliance on Defendant's advertised sale, the steep difference of the Lounge Chairs' former price, and on the 73% price reduction.

36.     Plaintiff Sanders-Ferriera would not have purchased the Lounge Chairs if not for Defendant's advertised sale, former price, and 73% price reduction.

37.     Defendant did not clearly, exactly, and conspicuously state in its advertisement of the Office Chair or the Lounge Chairs the date it was sold at the former price.

38.     Defendant's advertised former prices were not bona fide prices for the Office Chair or the Lounge Chairs for a reasonably substantial period of time.

39.     Defendant did not openly and actively offer the Office Chair or Lounge Chairs for sale at the "regular" or "original" prices for a reasonably substantial period of time in Wayfair's regular course of business.

40.     Defendant's advertisements were likely to deceive a reasonable consumer.

41.     Plaintiffs' reliance upon Defendant's false price comparison advertising was not only reasonable, but also was entirely intended by Wayfair. Empirical marketing studies show that retailers have an incentive to engage in this false and fraudulent behavior:

> [b]y creating an impression of savings, the presence of a higher reference point enhances subjects perceived value and willingness to buy the product… Thus, if the reference price is not truthful, a consumer may be encouraged to purchase as a result of a false sense of value.

*Comparative Price Advertising: Informative or Deceptive?*, Dhruv Grewal and Larry D. Compeau, *Journal of Public Policy & Marketing*, vol. 11k, No. 1, at 55-56 (Spring 1992).

42.     Plaintiffs would like to shop at Wayfair again, but cannot trust Wayfair's current price advertisements. Without tracking Wayfair's advertisements on a daily basis for each item, Plaintiffs and all other Class Members have no realistic way to know which of Wayfair's advertised sale prices are false or deceptive. If the Court were to issue an injunction ordering Wayfair to comply with

California's advertising laws and prohibiting Wayfair from using the deceptive practices discussed herein, Plaintiffs would likely shop at Wayfair again in the near future.

## CLASS ALLEGATIONS

43.    Plaintiffs bring this action on their own behalf and on behalf of a proposed Class of all other persons similarly situated.  The Class Plaintiffs seek to represent is defined as:

> All persons who, while in the State of California and between February 1, 2012 and February 1, 2016 (the "Class Period"), purchased from Wayfair: (1) one or more consumer goods advertised at a 20% discount from the stated "original" or "regular" price and who have not received a refund or credit for their purchase(s), and (2) one or more consumer goods at a higher price after being advised that the original item sought to be purchased is "Sold Out" and who have not received a refund or credit for their purchase(s).

44.    Excluded from the Class are Defendant, as well as its officers, employees, agents, board members and legal counsel, and any judge who presides over this action (or spouse or family member of presiding judge), as well as all past and present employees, officers and directors of Wayfair.

45.    Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with Plaintiffs' motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

46.    *Numerosity*: The Class is composed of thousands of individuals, whose joinder in this action would be impracticable.  The disposition of their claims through this class action will benefit all Class Members, the parties and the courts.

47.    *Existence and Predominance of Common Questions of Fact and Law*: There is a well-defined community of interest in questions of law and fact affecting the Class.  These questions of law and fact predominate over individual questions affecting individual Class Members, including, but not limited to, the following:

1    (a) Whether, during the Class Period, Wayfair used false "regular" or
2    "original" prices and falsely advertised price discounts on its website;

3    (b) Whether, during the Class Period, the "original" or "regular" prices
4    advertised by Wayfair were the prevailing market prices for the respective consumer
5    goods sold by Wayfair during the three month periods preceding the dissemination
6    and/or publication of the advertised former prices;

7    (c) Whether, during the Class Period, Wayfair advertised discounted
8    prices for its consumer goods with the intent not to sell those goods at the prices
9    stated in Wayfair's advertisements;

10   (d) Whether, during the Class Period, Wayfair advertised consumer
11   goods with the intent not to supply reasonably expected demand for those goods;

12   (e) Whether Wayfair's use of false and deceptive price advertising
13   constituted false advertising under California law;

14   (f) Whether Wayfair engaged in unfair, unlawful and/or fraudulent
15   business practices under California law;

16   (g) Whether Wayfair misrepresented and/or failed to disclose material
17   facts about its product pricing and discounts;

18   (h) Whether Wayfair has made false and misleading statements of fact
19   concerning the reasons for, existence of, or amounts of price reductions;

20   (i) Whether Wayfair's conduct, as alleged herein was intentional and
21   knowing;

22   (j) Whether Class Members are entitled to damages and/or restitution;
23   and, if so, what is the amount of revenues and/or profits Wayfair received and/or
24   was lost by Class Members as a result of the conduct alleged herein;

25   (k) Whether Wayfair is likely to continue to use false, misleading or
26   illegal price comparisons such that an injunction is necessary; and

27   (l) Whether Plaintiffs and Class Members are entitled to an award of
28   reasonable attorney's fees, pre-judgment interest and costs of suit.

48.     *Typicality*: Plaintiffs' claims are typical of, and are not antagonistic to, the claims of all Class Members.  Plaintiffs and the Class Plaintiffs  have all been deceived (or were likely to be deceived) by Wayfair's false pricing scheme, as alleged herein.

49.     *Adequacy*: Plaintiffs are adequate representatives of the Class because Plaintiffs are members of the Class and Plaintiffs' interests do not conflict with the interests of the Class Members Plaintiffs seek to represent. Plaintiffs will fairly and adequately represent and protect the interests of the Class because Plaintiffs are not antagonistic to the Class.  Plaintiffs have retained counsel who are competent and experienced in the prosecution of consumer fraud and class action litigation.

50.     *Superiority*: A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' and Class Members' claims.  Because of the relatively modest size of individual Class Members' claims, few, if any, Class Members could afford to seek legal redress of the wrongs complained of herein on an individual basis.  Absent class action, Class Members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Wayfair will be permitted to retain the proceeds of its misdeeds.

51.     All Class Members, including Plaintiffs, were exposed to one or more of Wayfair's misrepresentations or omissions of material fact including Wayfair's claims that former "original" or "regular" advertised prices were in existence and Wayfair's bait-and-switch scheme.  Due to the scope and extent of Wayfair's consistent false price advertising scheme, disseminated in a massive, years-long campaign to California consumers via the Internet, radio, TV and print media, it can reasonably be inferred that such misrepresentations or omissions of material fact were uniformly made to all Class Members.  In addition, it can be reasonably presumed that all Class Members, including Plaintiffs, affirmatively acted in response to the representations contained in Wayfair's false advertising scheme

1   when purchasing consumer goods advertised as "Daily Sales", among other sales, on

2   Wayfair's website.

3        52.    Plaintiffs are informed and believe that Wayfair keeps extensive

4   computerized records of its customers through, inter alia, customer loyalty

5   programs, co-branded credit cards and general marketing programs.  Wayfair has

6   one or more databases through which a significant majority of Class Members may

7   be identified and ascertained, and it maintains contact information, including email

8   and home mailing addresses, through which notice of this action could be

9   disseminated in accordance with due process requirements.

10                          **CAUSES OF ACTION**

11                        **FIRST CAUSE OF ACTION**

12       **(Violation of the "Unfair" Prong of the UCL, California Business &**

13               **Professions Code § 17200, _et seq._)**

14       53.    Plaintiffs reallege by reference, as if fully set forth herein, all of the

15   above paragraphs.

16       54.    The UCL defines unfair business competition to include any "unlawful,

17   unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or

18   misleading" advertising.  Cal. Bus. & Prof. Code § 17200.

19       55.    A business act or practice is "unfair" under the UCL if the reasons,

20   justifications and motives of the alleged wrongdoer are outweighed by the gravity of

21   the harm to the alleged victims.

22       56.    Wayfair has violated the "unfair" prong of the UCL by representing a

23   false "original" price and corresponding price discount when in fact, Wayfair has

24   inflated the purported "original" prices for products so that the promised discount

25   was false, misleading and deceptive.  Wayfair has also violated the "unfair" prong of

26   the UCL by representing it would sell consumer goods advertised as "sales" when it

27   did not intent not to supply reasonably expected demand for those goods.  Wayfair

28   has also violated the "unfair" prong of the UCL by representing it would sell

1  consumer goods for a "sale" price when in fact it only sells one (1) or very few
2  item(s) at the advertised price and then tells subsequent customers that the item is
3  "sold out."

4      57.    These acts and practices were unfair because they caused Plaintiffs, and
5  were likely to cause consumers, to falsely believe that Wayfair is offering value,
6  discounts or bargains from the prevailing market value or worth of the products sold
7  that did not, in fact, exist.  As a result, purchasers, including Plaintiffs, reasonably
8  perceived that they were buying products which regularly sold in the retail
9  marketplace at substantially higher prices (and were, therefore, worth more) than
10  what they paid.  This perception has induced reasonable purchasers, including
11  Plaintiffs, to buy such products, which they otherwise would not have purchased.

12      58.    The gravity of the harm to members of the Class resulting from these
13  unfair acts and practices outweighed any conceivable reasons, justifications, and/or
14  motives of Wayfair for engaging in such deceptive acts and practices.  By
15  committing the acts and practices alleged above, Wayfair engaged in unfair business
16  practices within the meaning of California Business & Professions Code §§ 17200,
17  *et seq.*

18      59.    Through its unfair acts and practices, Wayfair has improperly obtained
19  money from Plaintiffs and the Class.  As such, Plaintiffs request that this Court
20  cause Wayfair to restore this money to Plaintiffs and all Class Members, and to
21  enjoin Wayfair from continuing to violate the UCL as discussed herein and/or from
22  violating the UCL in the future.  Otherwise, Plaintiffs, the Class and members of the
23  general public may be irreparably harmed and/or denied an effective and complete
24  remedy if such an order is not granted.

25  / / /
26  / / /
27  / / /
28

ROBERTSON
& ASSOCIATES, LLP

## SECOND CAUSE OF ACTION

### (Violation of the "Fraudulent" Prong of the UCL, California Business & Professions Code § 17200, *et seq.*)

60.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above paragraphs.

61.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code § 17200.

62.      A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

63.     Wayfair's advertising concerning false "original" or "regular" former prices, including, but not limited to, its internet, TV, radio and print advertisements were "fraudulent" within the meaning of the UCL because they deceived Plaintiffs, and were likely to deceive members of the Class, into believing that Wayfair was offering value, discounts or bargains from the prevailing market value.  As a result purchasers, including Plaintiffs, reasonably perceived that they were receiving products which regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid.  This perception induced reasonable purchasers, including Plaintiffs, to buy such products from Wayfair, which they otherwise would not have purchased.

64.     Wayfair's acts and practices as described herein have deceived Plaintiffs and were highly likely to deceive members of the consuming public.  Specifically, in deciding to purchase consumer goods from Wayfair, Plaintiffs relied upon Wayfair's misleading and deceptive representations regarding its "original" and "regular" and "sale" prices.  Each of these factors played a substantial role in Plaintiffs' decision to purchase those products, and Plaintiffs would not have purchased those items in the absence of Wayfair's misrepresentations. Accordingly,

1   Plaintiffs have suffered monetary loss as a direct result of Wayfair's practices
2   described above.

3      65.     As a result of the conduct described above, Wayfair has been unjustly
4   enriched at the expense of Plaintiffs and members of the Class.  Specifically,
5   Wayfair has been unjustly enriched by obtaining revenues and profits that it would
6   not otherwise have obtained absent its false, misleading and deceptive conduct.

7      66.     Through its unfair acts and practices, Wayfair has improperly obtained
8   money from Plaintiffs and the Class.  As such, Plaintiffs requests that this Court
9   cause Wayfair to restore this money to Plaintiffs and all Class Members, and to
10  enjoin Wayfair from continuing to violate the UCL as discussed herein and/or from
11  violating the UCL in the future.  Otherwise, Plaintiffs, the Class and members of the
12  general public may be irreparably harmed and/or denied an effective and complete
13  remedy if such an order is not granted.

## THIRD CAUSE OF ACTION

### (Violation of the "Unlawful" Prong of the UCL, California Business & Professions Code § 17200, *et seq.*)

17     67.     Plaintiffs reallege by reference, as if fully set forth herein, all of the
18  above paragraphs.

19     68.     The UCL defines unfair business competition to include any "unlawful,
20  unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or
21  misleading" advertising.  Cal. Bus. & Prof. Code § 17200.

22     69.     A business act or practice is "unlawful" under the UCL if it violates any
23  other law or regulation.

24     70.     The FTCA prohibits "unfair or deceptive acts or practices in or
25  affecting commerce" (15 U.S.C. § 45(a)(1)) and specifically prohibits false
26  advertisements.  15 U.S.C. § 52(a). The FTC has established guidelines that describe
27  false former pricing schemes, similar to Wayfair's in all material respects, as
28  deceptive practices that would violate the FTC.

71.     One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.  If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one.  If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. 16 C.F.R. § 233.1(a).

72.     California's statutory and regulatory law expressly prohibits false former advertising pricing schemes.  Cal. Bus. & Prof. Code § 17501, entitled "*Value determinations; Former price advertisements*", states:

> For the purpose of this article the worth of value of anything advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> *No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [emphasis added.]

73.     California Business & Professions Code § 17500 prohibits a business from advertising goods or services at a price which that corporation does not intend to sell those goods and services.

/ / /

74.     California Civil Code § 1770, subsection (a)(9) prohibits a business from advertising goods or services with an intent not to sell them as advertised. Subsection (a)(10) prohibits a business from advertising goods and services with the intent not to supply reasonably expected demand, unless the advertisement discloses a limitation of quantity.

75.     Wayfair's use of and reference to a materially false "original" price, or purported percentage discounts violated and continues to violate the FTCA, 15 U.S.C. § 45(a)(1), and 15 U.S.C. § 52(a), as well as the FTC Guidelines published at Title 16, Code of Federal Regulations, Section 233.  It also violated and continues to violate Cal. Bus. & Prof. Code § 17501, and Cal. Civ. Code § 1770 (a)(9) and (a)(10) by advertising false discounts from purported former prices that were, in fact, not the prevailing market prices within the three months next preceding the publication and dissemination of the advertisements containing the false former prices.

76.     As a result of the conduct described above, Wayfair has been unjustly enriched at the expense of Plaintiffs and members of the Class.  Specifically, Wayfair has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

77.     Through its unfair acts and practices, Wayfair has improperly obtained money from Plaintiffs and the Class.  As such, Plaintiffs request that this Court cause Wayfair to restore this money to Plaintiffs and all Class Members, and to enjoin Wayfair from continuing to violate the UCL, and/or from violating the UCL in the future.  Otherwise, Plaintiffs, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### (Violation of the California False Advertising Law, California Business & Professions Code Sections 17500, *et seq.*)

78.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above paragraphs.

79.     The California False Advertising Law prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price.

80.     Wayfair's practice of advertising "former" or "original" prices which were materially greater than the prevailing prices of those products, as well as only offering one (1) or very few unit(s) of such goods and then telling subsequent customers such sale goods were "sold out" was an unfair, deceptive and misleading advertising practice because it gave the false impression that the products sold by Wayfair regularly sold in the retail marketplace at substantially higher prices (and therefore, worth more) than they actually were and constituted a classic "bait-and-switch" scheme.  In fact, the goods sold by Wayfair did not have a prevailing market price anywhere close to the "original" price advertised and Wayfair never intended to sell more than one (1) unit at the advertised "sale" price.

81.     Through its unfair acts and practices, Wayfair has improperly obtained money from Plaintiffs and the Class.  As such, Plaintiffs requests that this Court cause Wayfair to restore this money to Plaintiffs and all Class Members, and to enjoin Wayfair from continuing to violate the UCL, and/or from violating the UCL in the future.  Otherwise, Plaintiffs, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

/ / /

/ / /

/ / /

### FIFTH CAUSE OF ACTION

**(Violation of the Consumer Legal Remedies Act, California Civil Code §
1750, *et seq.*, Injunctive Relief)**

82.     Plaintiffs reallege by reference, as if fully set forth herein, all of the
above paragraphs.

83.     This cause of action is brought pursuant to the CLRA.

84.     Plaintiffs and each member of the proposed Class are "consumers"
within the meaning of California Civil Code § 1761(d).

85.     Wayfair's sale of consumer goods and home furnishings to Plaintiffs
and members of the Class were "transactions" within the meaning of California
Civil Code § 1761(e).  The products purchased by Plaintiffs and members of the
proposed Class are "goods" within the meaning of California Civil Code § 1761(a).

86.      As described herein, Wayfair violated the CLRA by falsely
representing the nature, existence and amount of price discounts from referenced
"former" or "original" prices of goods advertised on its "Daily Sales" and elsewhere
on its website.  Wayfair inflated the purported "former" or "original" prices such
that the promised discount, value, bargain and available stock of such goods were
false, in violation of Cal. Civ. Code § 1770(a)(5), (a)(7), (a)(9), (a)(10), (a)(13) and
(a)(14).

87.     Plaintiffs relied upon Wayfair's false representations in deciding to
purchase the consumer goods and home furnishings from Wayfair.  Plaintiffs would
not have purchased such items absent Wayfair's unlawful conduct.  As a result of
these acts and practices, Plaintiffs have suffered damage in that Plaintiffs have spent
money at Wayfair that Plaintiffs would not have otherwise spent absent Wayfair's
unlawful and misleading acts and practices.

88.     Pursuant to § 1782(a) of the CLRA, on February 1, 2016, Plaintiffs'
counsel, on behalf of Plaintiffs, served Defendant by United States certified mail,
return receipt requested, with notice of Defendant's particular violations of the

1   CLRA and requested that Defendant identify victims, notify victims and remedy is

2   illegal conduct within 30 days. If Defendant fails to rectify or agree to rectify the

3   problems associated with the actions detailed above and give notice to all affected

4   consumers within 30 days after receipt of the California Civil Code section 1782

5   notice, Plaintiffs will amend this complaint to seek, *inter alia*, actual damages,

6   restitution and punitive damages for violation of the Act.  In this event: (1) pursuant

7   to California Civil Code section 1780(a)(2), Plaintiffs will be entitled to, and

8   therefore seek, a Court order enjoining the above-described wrongful acts and

9   practices that violate California Civil Code section 1770; and (2) Plaintiffs and the

10  Class will also be entitled to recover attorneys' fees, costs, expenses and

11  disbursements pursuant to California Civil Code sections 1780 and 1781.

12                          **PRAYER FOR RELIEF**

13          WHEREFORE, Plaintiffs, individually and on behalf of the other members of

14  the proposed Class, request that this Court award relief as follows:

15          A.      An order certifying that this action may be maintained as a class action,

16  that Plaintiffs be appointed as Class Representatives and Plaintiffs' counsel be

17  appointed Class Counsel;

18          B.      Pursuant to Plaintiffs' first four causes of action, a judgment awarding

19  Plaintiffs and all members of the Class restitution and/or other equitable relief,

20  including, but not limited to, restitutionary disgorgement of all profits and unjust

21  enrichment that Wayfair obtained from Plaintiffs and the Class as a result of its

22  unlawful, unfair and fraudulent business practices described herein;

23          C.      An order enjoining Defendant from continuing to violate the UCL and

24  FAL, as described herein, and/or an order enjoining Defendant from violating the

25  UCL and FAL;

26          D.      A judgment awarding Plaintiffs their costs of suit; including reasonable

27  attorney's fees pursuant to Code of Civil Procedure § 1021.5 and as otherwise

28  / / /

permitted by statute; and pre and post-judgment interest; and

     E.     Such other and further relief as the Court deems appropriate.

DATED: February 2, 2016    **ROBERTSON & ASSOCIATES, LLP**

               By:    */ s / Alexander Robertson, IV*
                    Alexander Robertson, IV (State Bar No. 127042)
                     arobertson@arobertsonlaw.com
                    Robert Nation (State Bar No. 108490)
                     rnation@arobertsonlaw.com
                    32121 Lindero Canyon Road, Suite 200
                    Westlake Village, California 91361
                    Tel: (818) 851-3850 • Fax: (818) 851-3851

                    **WHITFIELD BRYSON & MASON**
                    Daniel K. Bryson (*Pro Hac Vice* pending)
                     dan@wbmllp.com
                    Patrick M. Wallace (*Pro Hac Vice* pending)
                     pat@wbmllp.com
                    900 W. Morgan Street
                    Raleigh, North Carolina 27609
                    Tel: (919) 600-5000 • Fax: (919) 600-5035

                    **AHDOOT & WOLFSON, PC**
                    Robert Ahdoot (State Bar No. 172098)
                     rahdoot@ahdootwolfson.com
                    Tina Wolfson (State Bar No. 174806)
                     twolfson@ahdootwolfson.com
                    1016 Palm Avenue
                    West Hollywood, California 90069
                    Tel: (310) 474-9111 • Fax: (310) 474-8585

                    **BERGER & MONTAGUE, P.C.**
                    Shanon J. Carson (*Pro Hac Vice* pending)
                     scarson@bm.net
                    1622 Locust Street
                    Philadelphia, PA 19103
                    Tel: (215) 875-4656 • Fax: (215) 275-5623

                    ***Attorneys for Plaintiffs & Proposed Class***

# AFFIDAVIT OF COUNSEL

I, Alexander Robertson, IV, declare as follows:

1.     I am an attorney with the law firm of Robertson & Associates, LLP.  I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California.  This declaration is made pursuant to California Civil Code Section 1780(d).  I made this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2.     Based on my research and personal knowledge, Defendant Wayfair, Inc. ("Defendant") does business within the State of California, and Plaintiffs purchased Defendant's products within the State of California, including but not limited to within Los Angeles County and Riverside County, as alleged in this Class Action Complaint.

I declare under penalty of perjury under the laws of the United States and the State of California this 2nd day of February, 2016 in Westlake Village, California, that the foregoing is true and correct.

Alexander Robertson, IV

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"



Home Loft Concept Flowered Chair (See all from Home Loft Concept)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"



INTERNET ARCHIVE
WayBackMachine

4 captures
16 Jun 15 - 14 Aug 15

http://www.wayfair.com/Starks-Club-Chair-0GO2424-NFN1313.html

MAY JUN JUL
22
2014 2015 2016

Close ✕
Help ?

Cart

**wayfair**.com

Trending Now ▾  Ideas & Advice ▾  Room Inspiration ▾  ♡ Idea Boards

Find anything for your home...    Go    Search ▲    My Wayfair ▾

Furniture  Décor  Lighting  Kitchen  Bed & Bath  Storage  Outdoor  Home Improvement  Baby & Kids  More...  Gifts  Sales

Furniture > Accent Furniture > Accent Chairs > NFN1313

## Home Loft Concept Starks Lounge Chair (View all from Home Loft Concept)

Share: ✉ @ f 🐦 </>

SKU #: NFN1313

⭐⭐⭐⭐⭐ 4.7 (180 reviews)

**$260.99**
**On Sale**

$913.42 71% Off
Rewards: Get 3% Back ⓘ

Free Shipping

Select Color:

Sale on select options, limited availability

Have Questions?
**800-457-3120**

Our upholstery experts can help you find the perfect product

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "C"

